**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ngoc Lam Pham,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-18-08321-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice. (Doc. 10). Petitioner filed objections to the R&R (Doc. 11); Respondents filed a reply to the objections (Doc. 12).

**I.    Review of R&R**

This Court "may accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must review the Magistrate Judge's findings *de novo* only if a party objects to the Magistrate Judge's findings or recommendations. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, if no party objects to any fact or issue, the district court is not required to engage in "any review at all ...." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Accordingly, the Court will review *de novo* the portions of the R&R to which Petitioner has objected.

## II. Petition for Writ of Habeas Corpus

In his habeas petition, Petitioner raises three grounds for relief: (1) ineffective assistance of counsel under the Sixth Amendment due to his attorney's "fail[ure] to investigate Heather Crawford and her job as an informant for the police . . . and to obtain dashcam video of [his] interaction with [the] police"; (2) prosecutorial misconduct due to the prosecution's "charge of money laundering [that] should never have been brought forward"; and (3) the prosecution's refusal to disclose evidence favorable to him as required by the Fifth and Fourteenth Amendments. (Doc. 1 at 6–8).

The Magistrate Judge found that each of these grounds were procedurally barred because Petitioner had not fairly presented them in state court. (Doc. 10 at 8–10). Additionally, the Magistrate Judge rejected Petitioner's prosecutorial misconduct claim because Petitioner relied on an incorrect interpretation of the Arizona statute for money laundering. (*Id.* at 9). Finally, the Magistrate Judge found no excuse for Petitioner's procedural defaults. (*Id.* at 10).

## III. Procedural Background

On September 28, 2015, a jury found Petitioner guilty of four counts: (1) first degree money laundering; (2) sale of a dangerous drug (methamphetamine); (3) use of wire or electronic communication in a drug-related transaction; and (4) possession or use of drug paraphernalia (methamphetamine). (Doc. 8-1 at 115, 118). Petitioner's attorney filed notice of appeal, requesting that the Arizona Court of Appeals "search the record for reversible error" despite having not found any "error or [] arguable question of law" himself. (*Id.* at 140, 143–49). Petitioner received the opportunity to file a *pro se* brief stating his own issues for appeal, but he did not. (*Id.* at 155). On June 14, 2016, the Arizona Court of Appeals affirmed his convictions. (*Id.* at 154–58). Petitioner neither filed a timely motion for rehearing nor a timely petition for review with the Arizona Supreme Court. (*Id.* at 153).

On August 8, 2016, Petitioner filed notice of Post-Conviction Relief. (Doc. 8-2 at 3). Petitioner was appointed counsel who, despite finding no "claims for relief," requested that the court search the record for "clearly apparent," "fundamental error." (*Id.* at 3–4).

Counsel also requested that Petitioner be allowed to file a pro se petition. On January 10, 2017, Petitioner timely filed a *pro se* Petition for Post-Conviction Relief. (*Id.* at 8–21). He raised five grounds for relief: (1) lack of jurisdiction; (2) lack of facts establishing the "second prong" of his money laundering count; (3) ineffective assistance of trial counsel who failed to object to the money laundering count; (4) ineffective assistance of appellate counsel who refused to assert a claim of prosecutorial vindictiveness; and (5) violation of his equal protection rights due to a "fundamentally deficient" trial. (*Id.* at 8–21). The Yavapai County Superior Court, finding no "basis for post-conviction relief," denied his petition on May 11, 2017. (*Id.* at 31–32). The Arizona Court of Appeals affirmed that decision, finding no abuse of discretion. (Doc. 8-3 at 37–38) ("we grant review and deny relief"). The Arizona Supreme Court denied Petitioner's petition for review. (Doc. 1 at 3).

**IV.    Legal Standard**

An application for a writ of habeas corpus shall not be granted unless it appears that "the applicant has exhausted the remedies available in the courts of the [s]tate," 28 U.S.C. § 2254(b)(1)(A), giving the state full "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). This means that the petitioner must "fairly present" his claims to the state's courts, or else he will be procedurally barred from relief in federal court. *Id.* "Where a defendant has procedurally defaulted a claim [by failing to exhaust state court remedies], the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *U.S. v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

A showing of "cause" ordinarily requires the petitioner to show that some external factor prevented him from exhausting state court remedies. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). However, a valid cause to overcome procedural default may include attorney error if such error "amounted to a depravation of the constitutional right to counsel." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). Such an ineffective assistance claim "requires showing that counsel made errors so serious that counsel was

not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court may excuse procedural default of an ineffective assistance of trial counsel claim if such claim is "substantial" and if such claim was not exhausted in state court due to ineffective assistance of counsel in an initial-review collateral proceeding by failing to raise ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). The heightened stakes at trial and high degree of deference that appellate courts give to trial findings justify increased scrutiny of the trial stage to ensure that no trial error "will escape review altogether." *Davila*, 137 S. Ct. at 2066–67.

Here, Petitioner failed to exhaust his claims in state court as found by the R&R. Petitioner does not object to this conclusion. However, he attempts to recast his claims as effective assistance of trial counsel claims in an effort to obtain an evidentiary hearing to attempt to excuse his failure to exhaust under *Martinez*.

For Petitioner to rely on ineffective assistance of counsel to excuse his failure to exhaust, he must make three showings. Specifically, "*Martinez* made clear that a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, *and* whether there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (emphasis in original); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The *Sexton* court went on to explain:

> To establish that PCR counsel was ineffective, Sexton must show that trial counsel was likewise ineffective, and that PCR counsel's failure to raise trial counsel's ineffectiveness in the PCR proceeding fell below an objective standard of reasonableness. If trial counsel was not ineffective, then Sexton would not be able to show that PCR counsel's failure to raise claims of ineffective assistance of trial counsel was such a serious error that PCR counsel "was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Strickland*, 466 U.S. at 687.

*Sexton*, 679 F.3d at 1159.

Under the first of the three showings (that post-conviction relief counsel was ineffective) *Sexton* holds,

> To establish an ineffective assistance of counsel claim, [Petitioner] must

> show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687; *Ben–Sholom v. Ayers*, 674 F.3d 1095, 1100 (9th Cir. 2012). "To establish deficient performance," as the Supreme Court recently summarized in *Premo v. Moore*, "a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness." —— U.S. ——, 131 S.Ct. 733, 739 (2011) (internal citation and quotation marks omitted). We strongly presume "that counsel's representation was within the wide range of reasonable professional assistance." *Id.* To establish "prejudice," a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

*Sexton*, 679 F.3d at 1159-60.

To make the second of the three showings, to establish cause to overcome his procedural default, Petitioner must show that his ineffective assistance of trial counsel claim is substantial. *Martinez,* 566 U.S. at 14 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller–El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).").

Finally, to make the last showing, "[t]o demonstrate "prejudice," a habeas petitioner must establish that the constitutional errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Schneider*, 674 F.3d at 1153." *Sexton*, 679 F.3d 1158 (internal quotation marks and alterations omitted).

Typically, following *Sexton*'s guidance, the Court would first consider whether the ineffective assistance of post-conviction relief counsel claim survives *Strickland.* And, as *Sexton* notes, post-conviction relief counsel would not be ineffective for failing to raise a meritless ineffective assistance of trial counsel claim. *Sexton*, 679 F.3d at 1159. Thus, the most pragmatic approach is to determine whether there was a worthwhile ineffective-assistance-of trial counsel claim for post-conviction-relief counsel to raise. *See Runningeagle v. Ryan,* 825 F.3d 970, 982 (9th Cir. 2016) ("Although the prejudice at issue is that in PCR proceedings, this is a recursive standard. It requires the reviewing court to

assess trial counsel's as well as PCR counsel's performance. This is because, for us to find a reasonable probability that PCR counsel prejudiced a petitioner by failing to raise a trial-level IAC claim, we must also find a reasonable probability that the trial-level IAC claim would have succeeded had it been raised.")

However, in *Ramirez*, the Court of Appeals criticized this approach; stating that it is incorrect to consider the merits of the ineffective-assistance-of-trial-counsel claim in some cases without evidentiary development. *Ramirez v. Ryan*, 937 F.3d 1230, 1242 (9th Cir. 2019) ("The district court erred by conducting a full merits review of Mr. Ramirez's underlying ineffective assistance of trial counsel claim on an undeveloped record. The district court skipped to a conclusion on the merits of the ineffective assistance of trial counsel claim, thereby holding Ramirez to a higher burden than required in the *Martinez* procedural default context."). Specifically, the Court of Appeals was critical of this Court for not requiring only a substantial showing of ineffective-assistance-of-trial counsel.

The Court of Appeals set forth the test as follows:

> Thus, to establish "cause" under *Martinez*—the first part of establishing "cause and prejudice" to excuse a procedural default—Ramirez must demonstrate that post-conviction counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney*, 813 F.3d at 819. In turn, *Strickland* requires demonstrating "that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Id*. (citation omitted). Determining whether there was a reasonable probability that the result of the post-conviction proceedings would be different "is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id*.
> To establish "prejudice" under Martinez's second prong of the "cause and prejudice" analysis, Ramirez must demonstrate that his underlying ineffective assistance of trial counsel claim is "substantial." *Id*. In *Martinez*, the Supreme Court defined substantial to be a "claim that has some merit," and explained the procedural default of a claim will not be excused if the ineffective assistance of counsel claim "is insubstantial, i.e., it does not have any merit or [ ] it is wholly without factual support." *Martinez*, 566 U.S. at 14–16.
> …
> The analysis of whether both cause and prejudice are established under *Martinez* will necessarily overlap, "since each considers the strength and validity of the underlying ineffective assistance claim." *Djerf v. Ryan*, 931 F.3d 870, 880 (9th Cir. 2019). However, the requirements remain distinct. *Clabourne*, 745 F.3d at 377 (a finding of " 'prejudice' for purposes of the 'cause and prejudice' analysis which requires only a showing that the

> trial-level ineffective assistance of counsel claim was 'substantial'—does not diminish the requirement... that petitioner satisfy the 'prejudice' prong under *Strickland* in establishing ineffective assistance by post-conviction counsel").
>
> Thus, to establish cause and prejudice in order to excuse the procedural default of his ineffective assistance of trial counsel claim, Ramirez must demonstrate the following: (1) post-conviction counsel performed deficiently; (2) "there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different," *Id.*; and (3) the "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14.

*Ramirez*, 937 F.3d at 1241-42.

Thus, *Ramirez* in its summary of the required showing a petitioner must make seems to have reached a different result than *Sexton*. Specifically, *Ramirez* seemingly eliminated the "prejudice" prong of "cause and prejudice." Previously, under *Coleman*, prejudice required a showing that constitutional errors worked to a petitioner's actual and substantial disadvantage. Now, under *Ramirez*, cause and prejudice requires only a showing that the ineffective assistance of trial counsel claim is "substantial." Thus, seemingly *Coleman* "prejudice" is no longer required to qualify for the *Martinez* exception to procedural default.

Further, in *Ramirez*, when the Court of Appeals considered whether post-conviction-relief-counsel was ineffective for failing to raise a "substantial" claim of ineffective-assistance-of-trial-counsel, the Court seemed to presume prejudice was present under *Strickland*. Specifically, the Court stated:

> As the foregoing discussion indicates, we conclude that Ramirez's ineffective assistance of trial counsel claim is "substantial." The underlying ineffective assistance of counsel claim is strong enough to support a conclusion that, had post-conviction counsel performed effectively and raised the claim, "there [is] a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different."

*Ramirez*, 937 F.3d at 1247.

Thus, it would appear that the *Ramirez* court's holding is that if a substantial claim of ineffective-assistance-of-trial-counsel is "strong enough," prejudice under *Strickland* premised on post-conviction-relief-counsel's failure to raise the claim is presumed.

However, the Court of Appeals also noted, "a finding of 'prejudice' for purposes of the 'cause and prejudice' analysis which requires only a showing that the trial-level ineffective assistance of counsel claim was 'substantial'—does not diminish the requirement... that petitioner satisfy the 'prejudice' prong under *Strickland* in establishing ineffective assistance by post-conviction counsel." *Ramirez*, 937 F.3d at 1242 (internal quotations and citation omitted). Thus, some showing of prejudice under *Strickland* is required; although it appears that in some "strong" cases it can be presumed.

V. **Analysis**

    A. **Ground One: Ineffective Assistance of Trial Counsel**

Petitioner's first ground for relief in his habeas petition alleges "ineffective assistance of counsel." (Doc. 1 at 6). More specifically, he claims that his trial attorney "failed to investigate Heather Crawford and her job as an informant for the police department" and "failed to obtain dashcam video of [his] interaction with [the] police [and] body cam video/audio material." (*Id.*). Therefore, he claims that his "counsel's performance fell below an objective standard of reasonableness and . . . result[ed] in an unreliable or fundamentally unfair outcome." (*Id.*). The Magistrate Judge found that Petitioner failed to raise this claim in state court and recommended that this Court dismiss the claim as procedurally defaulted. (Doc. 10 at 12). In his petition, Petitioner did not argue a basis to overcome this procedural default. (Doc. 10 at 12).

Petitioner does not challenge the finding that he failed to exhaust state court remedies. (*See generally* Doc. 11). However, he generally alludes to a theory that he can overcome such failure to exhaust because of ineffective assistance of counsel (presumably this would be the ineffective assistance of post-conviction relief counsel for failing to raise ineffective assistance of trial counsel). (Doc. 11 at 6). For example, Petitioner says "Petitioner can demonstrate cause for default and actual prejudice to excuse the default." (Doc. 11 at 3). However, he provides no factual support for this legal conclusion. Instead, he focuses on obtaining an evidentiary hearing to seemingly discover the facts that will underlie this conclusion. (Doc. 11 at 4 ("Petitioner requests an evidentiary hearing into

thes[e] matters [citation omitted]. [P]etitioner is entitled to [an] evidentiary hearing despite [the] failure to develop facts in post-conviction relief petition.")). As discussed above, to show cause to overcome Petitioner's failure to exhaust this claim in state court, Petitioner must show that the ineffective-assistance-of-trial-counsel claim is substantial. *Martinez*, 566 U.S. at 14.

Petitioner's ineffective assistance of trial counsel claim is not substantial because, even though his attorney had the option to request more information from the prosecution, his attorney had no legal duty to actively pursue evidence that the attorney did not strategically believe would aid the defense. *See Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995). The prosecution had a duty to disclose any material evidence that would aid the defendant. *Id.* ("The prosecution's affirmative duty to disclose evidence favorable to a defendant can trace its origins to . . . this Court's decision[1] . . . [where] it became clear that a defendant's failure to request favorable evidence did not leave the Government free of all obligation."). Thus, because neither the prosecution nor Petitioner's trial counsel deemed this evidence to be favorable to Petitioner such that it was affirmatively disclosed by the State or sought by defense counsel, Petitioner has failed to make a substantial showing that his trial counsel was ineffective by allegedly failing to pursue this evidence.[2] *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (trial counsel has no obligation to pursue futile evidence).

Thus, because Petitioner's claim of ineffective assistance of trial counsel is not substantial, to the extent Petitioner argues that his post-conviction relief counsel was

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] Further, although Petitioner requested an evidentiary hearing generally on all his theories, no evidentiary development as envisioned by *Ramirez* is required on this claim because Petitioner's assertions that there is unidentified-potentially-beneficial material either regarding Ms. Crawford or in the allegedly unviewed video(s) is belied by the record. Specifically, neither the prosecutor's, nor Petitioner's attorney's, actions suggest any such evidence actually exists, or if it exists that both Petitioner's attorney did not have it and that it was beneficial to the defense in some way. Because the record is inconsistent with Petitioner's assertions, no evidentiary hearing is required. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

ineffective for not raising it, post-conviction-relief counsel's alleged ineffectiveness cannot be cause to overcome his procedural default of this claim.[3] *See Martinez*, 566 U.S. at 14. Thus, following a *de novo* review of the Magistrate Judge's recommendation that this Court deny relief on Petitioner's first claim, to which Petitioner objects, this Court accepts the Magistrate Judge's recommendation.

### B.     Ground Two: Prosecutorial Misconduct

Petitioner's second ground for relief in his habeas petition alleges misconduct by the prosecution in wrongly charging him with money laundering. (Doc. 1 at 7). He claims that this charge was incorrect because his "lack of understanding of English," "ma[d]e the resulting conviction a denial of due process." (*Id.*). The Magistrate Judge found that Petitioner failed to properly exhaust this claim in state court and is now precluded from doing so based on a plain procedural bar; thus, the R&R recommended this claim be dismissed as procedurally defaulted without excuse. (Doc. 10 at 10-12). Petitioner does not object to this recommendation of the R&R, and accordingly, the Court accepts and adopt it.

Petitioner, again very generally, suggests that his failure to exhaust all claims in his Petition in state court was the result of ineffective assistance of counsel. (Doc. 11 at 6). However, in discussing ground two in his objections, Petitioner revises his argument on this theory. Specifically, in his objections, Petitioner alleges that the prosecution failed to meet the "second prong" of the statutory test for money laundering. (Doc. 11 at 5).[4]

---

[3] For purposes of this Order, the Court has assumed that Petitioner can still rely on *Martinez* to argue that his post-conviction relief counsel was ineffective for failing to exhaust his ineffective-assistance-of-trial-counsel claim even though Petitioner, pro se, filed a substantive post-conviction relief petition and had the opportunity, therefore, to exhaust this claim notwithstanding post-conviction relief counsel's actions. The Court notes that in their Reply, Defendants rely on *Cook v. Ryan*, 688 F.3d 598, 609-10 (9th Cir. 2012) to argue that because Petitioner represented himself, he cannot complain about ineffective assistance of counsel. (Doc. 12 at 3). In *Cook*, however, petitioner chose to be pro se. In this case, Petitioner was pro se only after his counsel filed a brief saying there were no claims to raise. The Court is unclear whether that is the same as if Petitioner had chosen to not have counsel. Accordingly, the Court has considered whether post-conviction counsel was ineffective even though Petitioner could have exhausted this claim himself.

[4] This theory of ground two was raised in Petitioner's post-conviction relief petition in state court. The state court considered this claim on the merits and alternatively found it to be procedurally barred.

The relevant statute says that:

> A. A person is guilty of money laundering in the first degree if the person does *any* of the following:
> 1. Knowingly initiates, organizes, plans, finances, directs, manages, supervises or is in the business of money laundering in violation of subsection B of this section.
> 2. Violates subsection B of this section in the course of or for the purpose of facilitating terrorism or murder.

Ariz. Rev. Stat. § 13-2317 (emphasis added).

The statute, as correctly noted by the Magistrate Judge, requires the prosecution either to meet the first criterion *or* the second criterion to establish money laundering. (Doc. 10 at 9-10). Although Petitioner claims that he did not "facilitate terrorism or murder," (Doc. 11 at 5), a finding under A.R.S. § 13-2317(A)(1), was sufficient to support a conviction. (*See* Doc. 10 at 9 (quoting the Arizona Superior Court decision from Petitioner's post-conviction relief proceedings, "[m]oney laundering in the first degree can be committed by violating A.R.S. § 13-2317(A)(1) or (A)(2). While subsection (A)(2) does involve facilitating terrorism or murder, subsection (A)(1) does not. The Court finds this claim is also precluded as it could have been raised on direct appeal." (Doc. 8-2 at 31)).

Regardless of whether this Court concludes that the state court's decision was not contrary to or an unreasonable application of clearly established federal law,[5] or considers the merits of Petitioner's not properly exhausted statutory construction claim de novo,[6] Petitioner's trial counsel did not act "deficient[ly]" by not asserting a meritless claim based on Petitioner's misunderstanding of the law. *See Rupe*, 93 F.3d at 1445. Thus, Petitioner's claim that the prosecution unlawfully charged him with money laundering lacks merit. As a result, this claim, as cast in Petitioner's objections, does not entitle him to relief.

---

Because this is an issue of statutory construction, it does not require evidentiary development. *See generally Ramirez*, 937 F.3d at 1243.

[5] *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

[6] "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

- 11 -

Accordingly, the R&R is accepted as to the theory of ground two raised in the Petitioner and relief is denied. Relief is also denied on Petitioner's theory of ground two raised in his objections.

**C.     Ground Three: Due Process**

Petitioner's third ground for relief in his habeas petition alleges a violation of his due process rights under the Fifth and Fourteenth Amendments. (Doc. 1 at 8). He specifically claims that the prosecution unlawfully withheld evidence favorable to him such as "Crawford's criminal past and her employment as an informant," and that this "prejudice[d]" the proceedings (*Id.*). Petitioner also generally, without factual support, argues the legal conclusion that there was *Brady* material that was not disclosed.

The Magistrate Judge found that Petitioner failed to raise this claim in state court; thus, the R&R recommends its dismissal as procedurally defaulted without excuse. (Doc. 10 at 12). Petitioner does not challenge the finding that he failed to exhaust state court remedies, but he, again very generally, suggests that his failure to exhaust in state court was the result of ineffective assistance of counsel. (Doc. 11 at 6).

Taking *Ramirez*'s guidance that the Court should first decide whether the ineffective assistance-of-trial-counsel claim is substantial, the Court finds that as to this claim, it is not. Specifically, *Martinez* noted that for a claim to be substantial, it must have factual support. *Martinez*, 566 U.S. at 14–16 (a claim "is insubstantial [when] it is wholly without factual support."). Here, because the state filed only a limited answer on the issue of exhaustion, the state did not address any of the factual allegations substantively. And this claim was never raised in state court; thus, the state court also never addressed it. So, beyond Petitioner's allegations, the Court has no evidence that Ms. Crawford actually was a police informant. Further, the Court has no evidence that, assuming she was a police informant, this information was indeed withheld from Petitioner's trial counsel. Consistent with *Ramirez*, Petitioner repeatedly seeks evidentiary development of this claim in federal court. However, there are many Ninth Circuit cases that hold that an evidentiary hearing cannot be used as a fishing expedition to find out if there are any facts that might support

a claim. *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999) (Habeas, "was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." (internal quotations omitted)). Thus, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

In this case, Petitioner makes legal conclusions, for example that his attorney failed to obtain *Brady* material; but offers no factual support for such conclusion. Further, Petitioner does not even offer his own affidavit attesting to any of the facts he now argues. Additionally, the Court is not even sure that Petitioner wrote his own objections and himself believes these allegations. (Doc. 11 at 5) (Petitioner's objections state, "[It] Should be duly noted that the Petitioner can not read or write English and does not understand the legal process or terminology until help has been sought…."). It would be an inefficient use of time and resources to appoint counsel (*see* Rules Governing Habeas Corpus Cases Under Section 2254 6(a) and 8(c)) and have an evidentiary hearing only to learn Petitioner himself will not testify to these facts. Thus, Petitioner has offered no evidence that there was "*Brady* material" or that Ms. Crawford was a government informant and that his attorney did not have that information. Accordingly, the Court finds that the allegations in ground three fall short of the factual basis required by *Martinez* for a claim to be substantial. Thus, the Court finds Petitioner has not presented a substantial claim of ineffective assistance of trial counsel.

Moreover, Petitioner underlying claim is that the State violated *Brady*. Petitioner, after reading the R&R, has attempted to recast a *Brady* claim as an ineffective assistance of counsel claim to overcome his default of this claim in state court. But assuming there was in fact evidence withheld, and that such evidence would have qualified as *Brady* material, trial counsel was not ineffective for not obtaining evidence that by Petitioner's own version of the facts, counsel did not know about due to "prosecutorial suppression".

Further, if *Sexton* is still good law, Petitioner cannot meet the prejudice prong of

*Coleman*. As discussed above, *Coleman* prejudice requires a showing that there were constitutional errors that worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. Petitioner's vague and speculative assertion that there may be some unidentified, undisclosed *Brady* material in existence does not show that a constitutional error worked to his actual disadvantage.

Finally, to whatever degree Petitioner must still show *Strickland* prejudice as to his post-conviction relief counsel's performance, Petitioner cannot show *Strickland* prejudice on his ineffective assistance of post-conviction-relief-counsel claim for failing to raise the ineffective-assistance-of-trial-counsel claim. This is because even if post-conviction relief counsel had raised an ineffective-assistance-of-trial-counsel claim, the overwhelming evidence of Petitioner's guilt undercuts any theory that Petitioner was prejudiced, under *Strickland*, by post-conviction relief counsel's failure to raise this claim. In other words, post-conviction relief counsel would not have been able to show Petitioner was prejudiced by trial counsel's alleged ineffectiveness. *See Strickland*, 466 U.S. at 694 (prejudice requires a showing that but for counsel's ineffectiveness, the result of the proceeding would have been different).

Specifically, Heather Crawford's testimony (which Petitioner alleges can be discredited) was far from the only basis for Petitioner's convictions. The trial court heard from various other witnesses, among them Detective Carl Smith and Deputy Eric Lopez who both testified to finding contraband in the car with Petitioner and Crawford, Deputy Brandon Collins who testified to removing fifty-six grams of methamphetamine from the car, and Amanda Hobbs who testified to purchasing the illicit drugs with Crawford from Petitioner. (Doc. 8-1 at 13–19, 47–64). Furthermore, if any uncertainty remained, photographic evidence of a text message exchange between Crawford and Petitioner supported her testimony regarding his role as her drug supplier. (*Id.* at 34–37). Given all of this evidence, the jury's failure to hear testimony that Crawford served as a police informant (assuming such allegation is true) did not prejudice the trial's outcome. Indeed, the jury could have discounted Crawford's testimony in its entirety and reached the same

verdict.

As a result, the Court adopts the R&R's conclusion that Petitioner did not exhaust ground three in state court and that his failure to exhaust is without excuse. Accordingly, after reviewing the R&R and Petitioner's objections *de novo*, the Court accepts the recommendation of the R&R that relief on this claim be denied.

## VI. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. 10) is accepted; the objections (Doc. 11) are overruled as specified above; the Petition for Writ of Habeas Corpus (Doc. 1) is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied because jurists of reason would not find this Court's procedural rulings debatable. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Dated this 2nd day of March, 2020.

James A. Teilborg
Senior United States District Judge